OPINION — AG — THE PROPOSED RULE SET OUT IN YOUR LETTER COULD NOT POSSIBLY BE WITHIN THE INHERENT POWER OF THE TRIAL COURTS OF OKLAHOMA COUNTY; IT DOES NOT DEAL WITH PRACTICE AND PROCEDURE; IT SEEMS TO HAVE AS ITS PURPOSE THE RAISING OF ADDITIONAL MONEY FOR THE COURT FUND OR SAVING MONEY ALREADY IN THE FUND FOR OTHER PURPOSES. THIS RULE GOES MUCH BEYOND PRESCRIBING A METHOD OF PROCEDURE AND PRACTICE AND ATTEMPTS TO DEFINE THE PUBLIC POLICY OF THE STATE AS EFFECTIVE IN OKLAHOMA COUNTY. THE LEGISLATURE HAS DECLARED AS THE PUBLIC POLICY OF THE STATE THAT JURORS BE PAID OUT OF FEES, FINES AND FORFEITURES COLLECTED BY THE COURT CLERK AND DEPOSITED IN THE COURT FUND; AND, HAS PROVIDED ALTERNATIVE WHEN THE COURT FUND IS EXHAUSTED OR DEPLETED. THIS HAS BEEN DONE BY GENERAL LAW UNIFORM THROUGHOUT THE STATE. HAD THE LEGISLATURE PASSED AN ACT, IDENTICAL IN IMPORT WITH THE PROPOSED RULE, APPLY ONLY TO OKLAHOMA COUNTY, THE SAME WOULD HAVE BEEN OF DOUBTFUL VALIDITY BECAUSE OF THE PROVISIONS OF ARTICLE V, SECTION 46 AND ARTICLE V, SECTION 59 OF THE OKLAHOMA CONSTITUTION. IT IS THE OPINION OF THE ATTORNEY GENERAL THAT YOUR QUESTION BE ANSWERED IN THE NEGATIVE. THE PROPOSED RULE CANNOT BE PROMULGATED AND PUT INTO EFFECT IN OKLAHOMA COUNTY. THIS RULE CONTRAVENES THE ESTABLISHED PUBLIC POLICY OF THE STATE AS SET OUT IN THE STATUTES QUOTED ABOVE. THE LEGISLATURE HAS ACTED IN THIS AREA AND IF THE LAW NEEDS TO BE CHANGED THIS SHOULD BE ACCOMPLISHED BY THE ENACTMENT OF A NEW STATUTE FOR THE WHOLE STATE. CITE: 28 O.S. 1961 31 [28-31], 62 O.S. 1961 321 [62-321], 62 O.S. 1961 322 [62-322], 62 O.S. 1961 323.1 [62-323.1], 28 O.S. 1963 Supp., 36 [28-36], 38 O.S. 1961 30 [38-30], 38 O.S. 1961 32 [38-32], ARTICLE VII, SECTION 2, 12 O.S. 1961 74 [12-74] (W. J. MONROE)